IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY J. MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:20-cv-263-MHT-WC |
| ) | |
| ROBBIE WRIGHT KENDRICK, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is the *pro se* Complaint filed by Plaintiff Rodney J. Murphy ("Murphy" or "Plaintiff"). Doc. 1. This case has been referred to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 4. Plaintiff requested and was granted leave to proceed *in forma pauperis*. Doc. 5. Pursuant to 28 U.S.C. § 1915(e) governing proceedings *in forma pauperis*, courts are instructed, notwithstanding any filing fee or any portion thereof that may have been paid, to dismiss any action wherein it is determined that the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). After undertaking the required review of Plaintiff's Complaint, the undersigned RECOMMENDS that this case be dismissed prior to service of process for lack of subject matter jurisdiction.

**I.      STANDARD OF REVIEW**

Pursuant to § 1915(e)(2)(B)(i), a complaint may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is frivolous as a matter of law, for example, when the defendant is immune from suit or the complaint seeks to enforce a right that clearly does not exist. *Id.* at 327. Judges have "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Claims may be also dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiffs' complaint "'must contain sufficient factual matter, accepted

2

as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are merely consistent with a defendant's liability are not facially plausible. *Id*.

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would a formal pleading drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, a pro se complaint, even if liberally construed, must minimally satisfy Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

**II.    DISCUSSION**

Federal district courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2012). Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

3

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedures requires dismissal if a court at any time determines that it lacks subject matter jurisdiction.

Accordingly, in considering the Complaint for purposes of § 1915(e)(2)(B), the undersigned also reviewed the Complaint for subject matter jurisdiction. Plaintiff states in the Complaint that he is filing his suit pursuant to 28 U.S.C. § 1332 for "libel, assault, slander and defamation," 18 U.S.C. § 1001, Section 11-98-10 of the Code of Alabama, and Section 13A-10-9 of the Criminal Code of Alabama. After a review of the Complaint, the undersigned concludes that Plaintiff's claims do not satisfy diversity jurisdiction under 28 U.S.C. § 1332 or raise a question of original federal question jurisdiction that extends to "all civil actions arising under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1331.

In his complaint, Plaintiff alleges under his first cause of action that on January 1, 2020, Defendant Robbie Wright Kendrick ("Kendrick" or "Defendant"), Plaintiff's biological aunt, called the Montgomery Police Department via the 911 emergency line and alleged that Plaintiff committed a breaking and entering into her room "with the intent to commit bodily harm." Doc. 1 at 2. Plaintiff asserts that this statement was false and that the homeowner, Willie C. Kendrick, had previously directed Defendant not to call law enforcement at any time due to Plaintiff's parole/probation status. Doc. 1 at 2.

Plaintiff's second cause of action alleges that in March of 2019, Defendant called Plaintiff's "parole and probation officer" and alleged that Plaintiff was "problematic, a

4

danger in the home, and suffers from mental illness." Doc. 1 at 2. Plaintiff asserts the allegations were false and again put his freedom into jeopardy. Doc. 1 at 2.

Plaintiff's third cause of action alleges that on March 6, 2020, Adult Protective Services interviewed Plaintiff due to allegations of "threats of violence, acts of extortion, and verbal abuse" against Kendrick as well as due to police having been called to the residence three times that week. Doc. 1 at 2. Plaintiff asserts that all allegations made by Defendant to Adult Protective Services were false. Doc. 1 at 2.

Plaintiff's fourth cause of action relates to an incident in July of 2019 when Plaintiff was informed that Defendant had told others in the community that he had stolen a basketball, shoes, money, and other items from Defendant and her household. Doc. 1 at 2. Plaintiff asserts that the allegations were fabricated, and it was an attempt to cast him in a bad light and tarnish his reputation. Doc. 1 at 2.

Plaintiff's fifth and final cause of action asserts that on April 11, 2020, Plaintiff was informed via a telephone call that Defendant was overheard in public "degrading, diminishing, and bad mouthing the plaintiff 'in the name of Jesus.'" Doc. 1 at 2. Plaintiff states that Defendant was approached by a woman named Barbara Smith who told Defendant that her comments were inappropriate and to not defame Plaintiff when he was unable to defend himself. Doc. 1 at 2–3.

Plaintiff requests injunctive relief, punitive damages, actual damages, all fees and court costs, and "[a]ny other relief deemed just and proper by this court." Doc. 1 at 3. Plaintiff also indicated that he forwarded a criminal complaint to the U.S. Attorney's Office for criminal prosecution of Defendant. Doc. 1 at 3.

Plaintiff's claims are due to be dismissed because he has failed to establish a jurisdictional basis for his claims. First, Plaintiff has failed to establish jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). "Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000." 28 U.S.C. § 1332(a). Plaintiff's complaint makes clear that not only are Murphy and Kendrick citizens of the same state, Alabama, they even reside in the same dwelling. Plaintiff has not alleged, and is unable to establish, diversity of the parties for purposes of this court's exercise of jurisdiction under 28 U.S.C. § 1332. Additionally, Plaintiff failed to plead an amount in controversy. Without being able to establish diversity jurisdiction, federal jurisdiction does not exist for Plaintiff's state claims of libel, assault, slander, or defamation under Alabama law.

Plaintiff's allegations also do not raise a question of original federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff attempts to assert civil claims where no private right of action exists. For example, Plaintiff attempts to bring a civil action based on violations of a federal criminal statute. *See Johnson v. Champions*, 990 F. Supp. 2d 1226, 1245 (S.D. Ala. 2014) ("Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute."). Plaintiff attempts to enforce the federal crime of "willfully and knowingly" making a false statement to any "branch of the Government of the United States" pursuant to 18 U.S.C. § 1001.[1]   *See Thomas-Ikomoni v. McCalla*

---

[1] It can also be noted that the claim would also fail because Plaintiff has made no allegation that Defendant provided a false statement to any agent of the federal government, but rather asserts that the false statements

*Raymer, LLC*, 2009 WL 10701291, at *28 (N.D. Ga. 2009) ("[C]ourts have determined that 18 U.S.C. § 1001 does not provide a private right of action.") (citing *AirTrans, Inc. v. Mead*, 389 F.3d 594, 597 n.1 (6th Cir. 2004) (noting that there is no private right of action under 18 U.S.C. § 1001); *Rosado v. Curtis*, 885 F. Supp. 1538, 1541 (M.D. Fla. 1995) ("Therefore, a private right of action does not exist for Plaintiffs' claims brought under ... [18 U.S.C. §] 1001.")).

Finally, Plaintiff attempts to bring this federal civil action to enforce two Alabama statutes: Section 11-98-10 of the Code of Alabama (providing the restrictions on 911 use and indicating that making a false complaint or knowingly providing false information using the emergency 911 system "may subject the caller to penalties as provided by law") and Section 13A-10-9 of the Criminal Code of Alabama (providing that a false report to Alabama law enforcement authorities is a Class A misdemeanor). Not only does this court not have subject matter jurisdiction, but there does not appear to be any legislative intent to create a private right of action under either statute. *See Walker v. Mobile Police Dep't*, 2017 WL 1398654, at *3 n.3 (S.D. Ala., 2017) (holding that where "a criminal statute is devoid of language creating a private right of action, a plaintiff cannot maintain a viable civil claim against a defendant for violation of that statute.") (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002) (indicating that criminal statutes generally do not provide a private cause of action); *Woods Knoll, LLC v. City of Lincoln, Ala.*, 548 Fed. App'x 577, 581 (11th Cir. 2013) ("[P]ursuant to Alabama law, one claiming a private right

---

were made to local law enforcement, state parole/probation officer, and to citizens of Montgomery, Alabama.

of action within a statutory scheme must show clear evidence of a legislative intent to impose civil liability for a violation of the statute.") (citation and internal marks omitted)).

Plaintiff has failed to allege a federal cause of action and has therefore failed to invoke this Court's federal question jurisdiction.  Moreover, because both of the parties to Plaintiff's action are citizens of Alabama, this Court cannot exercise diversity jurisdiction over Plaintiff's suit. Federal court jurisdiction does not exist for claims of libel, assault, slander, or defamation between non-diverse, non-federal entities.  Thus, due to Murphy's failure to invoke this Court's jurisdiction, this case is due to be dismissed prior to the service of process.

## III.   CONCLUSION

Based on the above, the undersigned finds that this Court does not have subject matter jurisdiction over Plaintiff's claims and that jurisdiction lies in state court. Accordingly, the undersigned RECOMMENDS that this case be dismissed prior to service of process for lack of subject matter jurisdiction.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 7, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and is, therefore, not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered

in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of July, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE